IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-HC-2045-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | FINDINGS OF FACT AND |
| ) | CONCLUSIONS OF LAW |
| ) | |
| ANTON JOHNSON ) | |

Petitioner, the United States of America ("the government") instituted this civil action on March 31, 2009, seeking to commit Anton Johnson as a sexually dangerous person pursuant to the Adam Walsh Child Protection and Safety Act of 2006 ("the Act") [DE 1]. 18 U.S.C. § 4248. The government filed a certificate stating that mental health personnel for the Federal Bureau of Prisons ("BOP") examined Mr. Johnson and issued a preliminary determination that he is sexually dangerous within the meaning of the Act [DE 1]. A certificate filed under the Act stays a respondent's release from federal custody pending a hearing to determine whether he qualifies for commitment as a sexually dangerous person. The government's petition was filed four days prior to Mr. Johnson's scheduled date of release from BOP custody on April 4, 2009 [DE 1].

## BACKGROUND

An evidentiary hearing was held before this Court on March 21 and 22, 2012 pursuant to 18 U.S.C. § 4247(d) [DE 127, 128]. On March 22, the Court directed the parties to file proposed findings of fact and conclusions of law. After considering the testimony at the evidentiary hearing, the evidentiary record, and the parties' submissions, the Court makes the following findings of fact and conclusions of law pursuant to Rule 52(a)(1) of the Federal Rules of Civil

Procedure:

The Court adopts and incorporates as fully set forth herein Petitioner's findings of fact as set forth at pages 1 through 18 of docket entry 131. Mr. Johnson concedes that he has engaged in or attempted to engage in sexually violent conduct or child molestation in the past [DE 130 at 5]. The Court concludes that the government has met its burden to demonstrate by clear and convincing evidence that Mr. Johnson suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty refraining from sexually violent conduct or child molestation if released. Therefore, Mr. Johnson is committed to the custody of the Attorney General pursuant to 18 U.S.C. §4248.

## DISCUSSION

### Pending Motions

The United States filed a motion for sanctions [DE 98], which is DENIED AS MOOT. Mr. Johnson filed a motion in limine to exclude privileged mental health records and presentence reports [DE 118]. Because Mr. Johnson turned over his mental health records to his own court-appointed examiners, he has waived any psychotherapist-patient privilege that may have attached to those documents. *See Jaffee v. Redmond*, 518 U.S. 1, 15 n.14 (1996). As to the presentence reports, Standing Order 11-SO-4 requires that the United States disclose to counsel for the respondent "all documents in the possession, custody, or control of the BOP or the government reviewed by any psychiatrist or psychologist who examined the respondent." Therefore, the Court did authorize the release of the presentence reports. Therefore, Mr. Johnson's motion in limine is DENIED.

### Commitment Pursuant to 18 U.S.C. §4248

To obtain a commitment order against Mr. Johnson, the government is required to

establish three distinct facts by clear and convincing evidence: that Mr. Johnson (1) "has engaged or attempted to engage in sexually violent conduct or child molestation" in the past, 18 U.S.C. § 4247(a)(5); (2) "currently suffers from a serious mental illness, abnormality, or disorder"; and (3) as a result of the illness, abnormality, or disorder, "would have serious difficulty in refraining from sexually violent conduct or child molestation if released," 18 U.S.C. § 4247(a)(6). *See United States v. Comstock*, 627 F.3d 513, 515-16 (4th Cir. 2010). "[C]lear and convincing has been defined as evidence of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established, and, as well, as evidence that proves the facts at issue to be highly probable." *United States v. Hall*, 664 F.3d 456, 461 (4th Cir. 2012) (citing *Jimenez v. DaimlerChrysler Corp.*, 269 F.3d 439, 450 (4th Cir. 2001) (internal quotation marks, citations, and alterations omitted); *see also Addington v. Texas*, 441 U.S. 418, 423-24 (1979) (noting that the "clear and convincing" standard of proof is an "intermediate standard" that falls between a "mere preponderance of the evidence" and proof "beyond a reasonable doubt").

**1. *Whether Respondent has engaged in or attempted to engage in sexually violent conduct or child molestation.***

The Court finds that the government has proven by clear and convincing evidence that Mr. Johnson has engaged in sexually violent conduct or child molestation in the past, as reflected in Petitioner's findings of fact [DE 131 at 1-6, 8]. Mr. Johnson has so stipulated [DE 130 at 5].

**2. *Whether Respondent currently suffers from a serious mental illness, abnormality, or disorder.***

Drs. Demby and Phenix diagnosed Mr. Johnson with pedophilia, sexually attracted to females, non-exclusive type [Pet'r's Ex. 37 at 1925, Pet'r's Ex. 38 at 2753]. The American Psychiatric Association's *Diagnostic and Statistical Manual of Mental Disorders, Fourth*

*Edition, Text Revision* (DSM-IV-TR) requires that the following criteria be met to support this diagnosis: (1) over a period of at least six months, recurrent, intense sexually arousing fantasies, sexual urges, or behaviors involving sexual activity with a prepubescent child or children; (2) the person has acted on these sexual urges, or the sexual urges or fantasies cause marked distress or interpersonal difficulty; and (3) the person is at least age 16 years and at least 5 years older than the child or children. DSM-IV-TR at 572.

Dr. Joseph J. Plaud acknowledged that such a diagnosis "would be possible," but does not apply the diagnosis himself because "(1) he has pre-pubescent and post-pubescent victims; (2) there is indication that his sexual interests focus on female adults; and (3) there is the possibility of his own sexual acting out being reactive to his own sexual abuse as a child" [Resp't's Ex. 4 at 9]. Dr. Frank Balch Wood noted in his report that he did not diagnose Mr. Johnson with pedophilia because of his sexual and romantic relationships with adult women, the "incidental or situational" nature of his "incidents" with children, and the "opportunistic and relatively casual"–as distinguished from "compulsive"–nature of Mr. Johnson's offending against children [Resp't's Ex. 3].

The Court credits Dr. Phenix and Dr. Demby's testimony, and finds that Dr. Plaud and Dr. Wood have not provided a persuasive justification as to why Mr. Johnson does not satisfy the relevant diagnostic criteria. Mr. Johnson's sexual interest in female adults is accounted for by application of the "non-exclusive type" specifier, which describes those individuals with pedophilia who "are sometimes attracted to adults." DSM-IV-TR at 571.

***3. Whether, as a result of the illness, abnormality, or disorder, the Respondent would have serious difficulty in refraining from sexually violent conduct or child molestation if released.***

Petitioner has also met its burden to establish, by clear and convincing evidence, that Mr.

Johnson will have serious difficulty in refraining from sexually violent conduct if released. As noted by the Fourth Circuit in *United States v. Hall*,

> [t]he 'serious difficulty' prong of § 4248's certification proceeding refers to the degree of the person's "volitional impairment," which impacts the person's ability to refrain from acting upon his deviant sexual interests. *Kansas v. Hendricks*, 521 U.S. 346, 358 (1997) (noting that statutory requirements that couple proof of dangerousness with proof of a mental illness or abnormality "serve to limit involuntary civil confinement to those who suffer from a volitional impairment rendering them dangerous beyond their control"); *id.* at 357 (noting that civil commitment statutes may "provide[] for the forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety...provided the confinement takes place pursuant to proper procedures and evidentiary standards") (internal citations omitted); *see also Kansas v. Crane*, 534 U.S. 407, 414 (2002) (noting that "our cases suggest that civil commitment of dangerous sexual offenders will normally involve individuals who find it particularly difficult to control their behavior.")

664 F.3d at 463.

### Circumstances Surrounding Mr. Johnson's Reoffending in the Community

The Court is persuaded, by clear and convincing evidence, that the circumstances surrounding Mr. Johnson's persistent reoffending while in the community, even when subject to conditions of release, indicate that Mr. Johnson would have serious difficulty in refraining from sexually violent conduct or child molestation if released.

Dr. Wood testified that Mr. Johnson would not have serious difficulty in refraining from child molestation or sexually violent conduct if released because his certification as an Adam Walsh detainee has provided the "*force majeure*" necessary to teach him that "the consequence of re-offending is too drastic for him to bear." Resp't's Ex. 3. However, the Court notes that Mr. Johnson reoffended within four months of serving thirteen years in prison for a sexual offense. The Court is not persuaded that Mr. Johnson's certification has provided the deterrent effect that his previous thirteen-year incarceration did not.

Dr. Plaud opined that Mr. Johnson would not have serious difficulty in refraining from

child molestation if released because he has demonstrated "through his own behavior while incarcerated that he is able to conform his behavior to appropriate standards." Resp't's Ex. 4 at 2. However, the Court is not persuaded that Mr. Johnson's behavior while incarcerated is indicative of a lack of serious difficulty in refraining from sexually violent conduct or child molestation if released, given the circumstances of Mr. Johnson's history of repeated offending shortly after release from custody. While on probation in 1985, Mr. Johnson offended against a nine-year-old girl. Within a year of his release in August of 1987, Mr. Johnson assaulted, with the intent to kidnap and rape, a 23-year-old woman. Several months later, he offended against another nine-year-old girl and a thirteen-year-old girl.

Most persuasive to the Court are the circumstances surrounding Mr. Johnson's most recent contact offense. When he was released on parole in 2003, Mr. Johnson offended against an eight-year-old girl within four months of his release. While watching television at his wife's home, Mr. Johnson took the opportunity to leave the room, go upstairs, and offend against his wife's eight-year-old granddaughter. At that time, he was subject to restrictions against being with children, he was receiving sex offender therapy, and he had two adult sexual partners available to him. Despite the presence of these factors, which could have facilitated Mr. Johnson's exercise of volitional control, he reoffended and demonstrated serious difficulty in refraining from child molestation. In other words, Mr. Johnson's ability to conform his behavior to appropriate standards within an institutional setting has not been indicative of a similar volitional control when he has been released into the community.

### Static and Dynamic Risk Factors

Each of the testifying experts relied, to a greater or lesser degree, on actuarial instruments. These instruments include the Static-99R, the Static 2002-R, the MnSOST-R, and the MATS-1.

It is important to note that these actuarial risk assessments reflect relative risk among various large groups of individuals and do not provide specific risks or probabilities for any individual. Pet'r's Ex. 38 at 2755. On the Static-99R, Dr. Demby scored Mr. Johnson as a 5, Dr. Phenix scored him as a 7, and Dr. Wood scored him as a 5. On the Static 2002-R, Dr. Phenix scored Mr. Johnson as a 9 and Dr. Wood scored him as an 8. On the MnSOST-R, Dr. Phenix scored Mr. Johnson as an 11.[1] On the MATS-1, Dr. Plaud scored Mr. Johnson as a 5.

In evaluating Mr. Johnson's dynamic risk factors, Dr. Demby opined that his risk of reoffense is increased because (1) he was the victim of childhood sexual abuse himself; (2) he has had no stable, healthy adult intimate relationships; (3) he has little established work history; (4) he has repeatedly failed supervision by reoffending sexually; (5) he has committed multiple types of sex offenses; (6) he has threatened death and used weapons in his offending; and (7) he has repeatedly denied and minimized his sexual behavior. Dr. Phenix noted that Mr. Johnson has exhibited a lack of emotionally intimate interactions with adults and a significant amount of impulsivity in his offending, each of which may predispose him to reoffend in the future. Pet'r's Ex. 38 at 2762-65. Further, Mr. Johnson does not benefit from the protective risk factors of having been in the community without sexually reoffending for ten years, having less than fifteen years left in his time at risk due to illness or physical condition, or very advanced age. Pet'r's Ex. 38 at 2765.

Viewed in light of Mr. Johnson's individual circumstances and his dynamic risk factors, the Court finds his actuarial assessment results are consistent with his ongoing serious difficulty

---

[1] The MnSOST-R has been recently repudiated by its developers. Dr. Phenix testified that she no longer finds the test to be sufficiently reliable but that her conclusions about Mr. Johnson's likelihood of experiencing serious difficulty in refraining are not affected by removing the MnSOST-R score from her evaluation [DE 131 at 13].

in refraining from sexually violent conduct or child molestation when he has been released into the community in the past, even when subject to conditions of release. The Court finds that these results are also consistent with the conclusion that he would have serious difficulty in so refraining if released.

## CONCLUSION

For the foregoing reasons, the United States' Motion for Sanctions [DE 98] is DENIED AS MOOT and Mr. Johnson's Motion in Limine [DE 118] is DENIED. Judgment shall be entered in favor of Petitioner, the United States of America, and against the Respondent, Anton Johnson. Mr. Johnson shall be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4248.

SO ORDERED. This 13 day of April, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE